**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALMAZ ARAYA GEBRU, | No. 07-73123 |
| Petitioner, | Agency No. A097-863-616 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:      FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Almaz Araya Gebru, a native and citizen of Ethiopia, petitions for review of

a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JLA/Research

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the threats and harassment Gebru faced from the police did not rise to the level of persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000), and that the harm Gebru suffered was related to the enforcement of the guarantee she posted on her brother's behalf and not on account of a protected ground, *see Dinu v. Ashcroft*, 372 F.3d 1041, 1044-45 (9th Cir. 2004). Substantial evidence also supports the agency's finding that Gebru did not establish a well-founded fear of future persecution because her suspicion that the police arrested her husband due to their interest in her is too speculative to provide an objective basis for her fear. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

Because Gebru failed to meet the lower burden of proof for asylum, she has also failed to establish her eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's denial of CAT relief because Gebru failed to establish that it is more likely than not that she will be tortured if returned to Ethiopia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**